# UNITED STATES

*v.*

# FELICIANO VELEZ.

San Juan, Criminal, No. 526.

LESSENING IMPRISONMENT ON ACCOUNT OF GOOD BEHAVIOR.

Imprisonment — Provisional Term.

　　1. Where the court fixes a certain term of imprisonment, but adds the condition that the prisoner may be discharged after a shorter period, in case of good behavior, the shorter period so fixed is not affected by the local law that imprisonment shall be diminished at a certain ratio for good behavior of the prisoner.

Fine and Costs.

　　2. The court will not relieve the prisoner of costs, and will not, without the consent of the district attorney, lessen the fine previously imposed.

Opinion filed October 3, 1913.

*Mr. Frank Antonsanti,* United States Commissioner, for the government.

*Messrs. Joseph Anderson, Jr., Martin Travieso, Jr.,* and *Miguel Guerra* for defendant.

HAMILTON, Judge, delivered the following opinion:

This case comes up on the application of the defendant to have the court remit the fine and discharge him, on the idea that

United States v. Velez.

he has been imprisoned already enough to cover the six months mentioned in the judgment of the court. The phraseology of the judgment is as follows:

"The sentence of the court is that you, Feliciano Velez, pay a fine of four hundred ($400) dollars and the costs, taxed at the sum of $214.11, and be confined in the penitentiary at San Juan, Porto Rico, for the period of two (2) years, but the said sentence of imprisonment is suspended after a period of six months from this date, in the event that said fine and costs herein imposed are paid; .otherwise said sentence of imprisonment and fine shall remain in full force and effect.

"Done in open court this 9th day of May, 1913.

"(Signed) Peter J. Hamilton,

"District Judge."

1. The court is of the opinion that the six months have not expired. The point has been presented that under §§ 5543 and 5544, good behavior of the convict in Porto Rico will lessen his term of five days out of the month. How far that applies to the present case need not be decided now. The six months mentioned in the judgment is not the sentence of the defendant, but a period in which the court reserves the right to change the sentence as to the two years' imprisonment. There is no good conduct set out on the part of the court to reduce the period, and the six months' period mentioned there only refers to the court. The application therefore at present is somewhat premature.

The hearing of the application is continued until the 8th of November. I may go on and give my views, which will be subject to change, however.

United States v. Velez.

2. A criminal case, of course, is one in which the public is a party, and the court has to consider the interest of both sides, and the court is not inclined to make any change in these frequent postoffice defaults. I can merely intimate this. The costs in this case seem to have been quite heavy, and, my recollection is, were not known at the time of the judgment. They were put in the judgment at the time it was written up, but, at the time the sentence was pronounced, my recollection is that the costs were not known. If the prisoner should get in touch with the district attorney, who is in the United States, and he will agree to any reduction of the fine, I would be very glad to consider it. I called on Mr. Antonsanti because I thought it was a matter of a day. The district attorney is very careful of his cases, and I would not like to pass on this application without hearing from him. If he is willing to discuss the matter of reduction of the fine, the court is willing to be guided by his advice.